# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelberto Correa Correa,<br><br>Petitioner,<br><br>v.<br><br>Christopher D McGregor, et al.,<br><br>Respondents. | No. CV-26-00641-PHX-KML (JZB)<br><br>**ORDER** |

Petitioner filed this action challenging his immigration detention. A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). In their response to this Court's OSC, Respondents acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 4 at 6.) Pursuant to that judgment, Petitioner is entitled to be released from custody or provided a bond

redetermination hearing within seven days. But in the alternative, the Court's review of the Petition confirms he is entitled to relief regardless of *Bautista* and the Court grants relief based on its independent view that his detention is governed by § 1226 and not § 1225.

In addition, Respondents acknowledge the Immigration Judge alternatively specified the bond amount she would have set if she had jurisdiction to do so. Respondents state "ICE ERO will not accept or recognize as valid Judge Victoria Levin's January 16, 2026 order since the order denied bond for lack of jurisdiction. ICE ERO will not release Petitioner on bond unless the Immigration Court holds another bond hearing pursuant to an order from this Court and the Immigration Judge affirmatively grants bond and sets a bond amount." (Doc. 4 at 6 n. 6.) As Respondents recognize, this is contrary to the government's position in other cases. For example, in a recent case in the Southern District of New York, the Court's decision makes clear that Respondents specifically *asked* the court to order release based on the immigration judge's alternative bond determination:

> On November 25, 2025, Perez Velasquez's attorney requested a bond hearing, which was held on December 4, 2025. At that hearing, an immigration judge held that binding Board of Immigration Appeals precedent, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 218 (BIA 2025), constrained him to hold that Perez Velasquez was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and was thus ineligible for release on bond. The immigration judge held, in the alternative, that if he did have jurisdiction to set a release bond under 8 U.S.C. § 1226(a), he would release Perez Velasquez on a $6,000 bond. Perez Velasquez seeks his immediate and unconditional release from custody. The government disagrees, arguing that enforcement of the immigration judge's grant of $6,000 bond would provide adequate relief for the due process violation.

*Perez Velasquez v. Noem*, 25 CIV. 10338 (AT), 2025 WL 3707526, at *4 (S.D.N.Y. Dec. 22, 2025) (cleaned up).[1] And in another case in this district, the government recognized

---

[1] *See also Guzman Alfaro v. Wamsley*, 2:25-CV-01706-TMC, 2025 WL 2822113, at *2 (W.D. Wash. Oct. 2, 2025); *Ortiz Martinez v. Wamsley*, 2:25-CV-01822-TMC, 2025 WL 2899116, at *2 (W.D. Wash. Oct. 10, 2025) ("Concerning the remaining Petitioners, Respondents do not object that Lopez Lopez is a member of the Bond Denial Class. Although that same day an IJ had denied Lopez Lopez's bond based on an asserted lack of jurisdiction under section 1225(b)(2), the IJ found in the alternative that it would grant

the Department of Homeland Security *can* submit the alternative bond amount to the system for payment. *See Ramales v. Noem*, No. CV-26-00418-PHX-SHD (ASB), Doc. 9 at 2 (filed Feb. 5, 2026).  It therefore appears that in this case they simply prefer not to.

It is unclear to the court what authority permits ICE to independently choose which judicial orders they will give effect to. The court will therefore direct respondents to release petitioner or release him pursuant to the alternative bond determination of $1500.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must release petitioner from custody under the same conditions that existed before his detention or allow petitioner to be released on the bond alternatively set by the Immigration Judge.

/

/

/

/

/

/

/

---

bond in the amount of $5,000 if it had jurisdiction. Respondents thus conceded that if the Court were to grant habeas relief to Lopez Lopez, the appropriate relief would be either a bond redetermination hearing under 8 U.S.C. § 1226(a) or release upon payment of the bond found in the alternative by the IJ." (cleaned up)); *Diaz-Cruz v. Dedos*, 1:25-CV-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025) ("Accordingly, the Court hereby orders that Respondents immediately release Diaz-Cruz upon payment of the $12,000 bond found in the alternative by IJ Odell"); *Alfaro v. Wamsley*, No. 2:25-cv-01706, 2025 WL 2822113, at *8 (W.D. Wash. Oct. 2, 2025) (ordering respondents to—within seven days of the order—release the petitioner "from detention or allow [her] release upon payment of the bond amount found in the alternative by the Immigration Judge is his [previous] order"); *In re Rojas*, 2:25-CV-02548-RFB-BNW, 2026 WL 125152, at *2 (D. Nev. Jan. 16, 2026) ("Petitioner requested a custody redetermination (bond) hearing before the immigration court, and on December 16, 2025, Immigration Judge Lindsy Roberts denied Petitioner release on bond for lack of jurisdiction under *Hurtado*, holding in the alternative that if *Hurtado* did not deprive the immigration court of jurisdiction, release on bond in the amount of $2,500 plus alternatives to detention at the discretion of DHS would be appropriate. Respondents are ORDERED to release Petitioner from custody by 5:00 p.m. on January 16, 2026. Petitioner shall be subject to the bond and other conditions imposed by the IJ." (cleaned up).

- 3 -

3.  Respondents must provide a notice of compliance within **three days** of releasing petitioner.

4.  Any pending motions are denied as moot and the clerk of court shall enter judgment in petitioner's favor and close this case.

Dated this 9th day of February, 2026.

_____

**Honorable Krissa M. Lanham**
**United States District Judge**

- 4 -